# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CORNELL F. DAYE,**

 **Plaintiff,**

**v.**                **CIVIL ACTION NO. 1:13cv227**
                     **(Judge Keeley)**

**DAVID PROCTOR, Doctor,**
**MARK BAKER, Doctor,**
**TRISTAN TENNEY, Medical Administrator,**
**ADRIAN HOKE, Ex-Warden,**
**MARVIN C. PLUMLEY, Warden**
**JIM RUBENSTEIN, Commissioner**
**DEBBIE HISSOM, Medical Director, RN, BSN,**

 **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On October 10, 2013, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants as well as a Motion for Injunction/Temporary Restraining Order, and a Motion for Declaratory Judgment.[1] On October 16, 2013, the plaintiff was granted leave to proceed *in forma pauperis*, with his initial partial filing fee of $9.20 due within 28 days. On December 13, 2013, an Order to Show Cause was entered because the plaintiff's initial filing fee had not been received. On December 24, 2013, the plaintiff responded to the Show Cause Order. Specifically, the plaintiff noted that by the time this Court entered its Order on October 16, 2013, requiring an initial partial filing fee, he had already been ordered to make PLRA payments in more than one action. Based

---

[1] The Clerk of Court received one complaint from Cornell Daye and one complaint from Tyrone Rogers on October 10, 2013, in separate envelopes. However, each plaintiff submitted identical memoranda in support, including exhibits In addition, Mr. Daye and Mr. Rogers submitted identical Motions for Injunction/Temporary Restraining Order and Motion for Declaratory Judgment which were signed by both.

on the information provided by the plaintiff, it appears that prison authorities are withholding 20% of the petitioner's monthly balance and applying it first to payment of the $350 filing fee in Case No. 11-cv-00106 in the United States District Court for the Southern District of West Virginia. Fourth Circuit Law provides that if an inmate has been ordered to make PLRA payments in more than one action or appeal in federal courts, the total amount collected for all cases cannot excess 20 percent of the inmate's proceeding income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(1)&(2). See Torres v. Quinn, 612 F.3d 237, 252 (4th Cir. 2010). Therefore, the undersigned is conducting this initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)[2] without waiting for the previously ordered initial partial filing fee.

## I. Plaintiff's Contentions

### A. The Complaint

The plaintiff alleges that on or about September 2010, he arrived at Huttonsville Correctional Center ("HCC") with a condition which caused severe pain in his lower left abdominal area which he immediately reported to the medical department at HCC. The plaintiff alleges that when he spoke to defendant Proctor, he advised said defendant that he had already been give multiple x-rays and blood test by the medical department at Mount Olive Correctional Center ("MOCC') in a failed effort to identify his "ailment." The plaintiff than sets forth an exhaustive summary of his visits to the medical department and his administrative grievances. The plaintiff also alleges that the Dr. Proctor has ordered

---

[2]28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

tests that he knew would not aid in the diagnosis of his medical ailment and has served only to cause him to incur medical co-payments as charged by the West Virginia Division of Corrections. In summary, the plaintiff alleges that he continues to suffer from a bulge in his side, severe abdominal pain, constipation, strained urination, chess pressure, anal leakage, intestinal inflammation and other associated complications in his abdominal area. The plaintiff maintains that although defendant Proctor has not diagnosed him with a serious medical need, the symptoms indicated above would cause even a lay person to recognize the necessity for a doctor's attention. The plaintiff notes that he still does not know whether he suffers from a hernia, [Crohn's] Disease, cancer or other associated medical conditions. For relief, the plaintiff seek a Declaratory Judgment against the prison officials to proclaim the prison's medical policy unconstitutional, and injunction preventing the prison officials from transferring him to another prison until this lawsuit is resolved, as well as punitive compensatory and nominal damages.

**B. Motion for Injunction, Motion for Restraining Order**

In his motion for an injunction, the plaintiff seeks two separate avenues of relief. First, he requests that the court force the defendants to treat his medical condition by sending him to a gastrointestinal specialist who may identify, analyze and eventually make recommendations for treatment of his abdominal pain and associated complications due to long term lack of medical care. Separately, the plaintiff is seeking to prevent the defendants from transferring him to another prison facility until the court has fully resolved his complaint.

**C. Motion for Declaratory Judgment**

In his motion, the plaintiff asks this court to find that the current prison medical policy is unconstitutional in that it violates the Eighth Amendment to the United States Constitution in that it promotes, encourages ord otherwise authorizes Cruel and Unusual Punishment against the him and

those similarly situated.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See* Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged t construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint

need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

### III. Analysis

The plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

**1. Adrian Hoke, Marvin C. Plumley, Tom Rubenstein**

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against Adrian Hoke, Marvin C. Plumley or Jim Rubenstein. Instead, it appears that plaintiff merely names them in their official capacity as the former warden, current warden of HCC, and the commissioner of the WVDOC. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding. Furthermore, to the extent the plaintiff makes a bald allegation that the warden and commissioner are somehow responsible for medical policies, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Therefore, both Adrian Hoke and Marvin C. Plumley could rely on the opinion of Dr. Proctor as to whether the plaintiff needed additional medical care. Finally, to the extent that the plaintiff may be asserting that these defendants were deliberately indifferent to his needs

by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D.Md. March 31, 2003). Accordingly, these three defendants should be dismissed for failure to state a claim upon which relief can be granted.

**2. Dr. David Proctor, Tristan Tenney, Dr. Mark Baker, and Debbie Hissom**

To state a claim under the Eighth Amendment, the plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In the instant case, the plaintiff's complaint does raise a colorable claim that he suffers from a serious medical condition, and that the defendants charged with his medical care have been deliberately indifferent to his medical needs. Accordingly, these defendants should be served with a copy of the complaint.

**3. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order**

The standard for granting injunctive relief in this circuit is set forth in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In the instant case, the plaintiff has failed to establish that he is likely to succeed on the merits of his claim. In fact, from the complaint and attachments, it appears that the plaintiff may be

exaggerating his level of discomfort or simply believe that he is entitled to see a specialist. If that is the case, the plaintiff's claim would fail to raise to the level of a constitutional violation. The exact nature of the plaintiff's diagnosis and treatment remain unclear at this time. Hence, the undersigned's recommendation that the "medical defendants" be served with a copy of the complaint. Additionally, any claim by the plaintiff of irreparable harm is speculative at best. By his own admission, the plaintiff has had this condition for more than three years, but makes no credible allegation that his condition is worse. Under these circumstances, the plaintiff has not provided a sufficient basis for the court to grant the extraordinary remedy of injunctive relief with respect to his medical care.

Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 40 (2002) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gatson v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, because an inmate has no constitutional right to assignment to any particular prison, there is no probability that the plaintiff will succeed on the merits of his request for an order from this court prohibiting the WVDOC from transferring him during the pendency of this case.

**4. Plaintiff's Motion for Declaratory Judgment**

Pursuant to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Moreover, the procedure for obtaining such relief is governed by the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 57. However, a request for declaratory relief is an

8

"equitable cause of action." See Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293 300 (1943); see also International Brotherhood of Teamsters v. Eastern Conference of Teamsters, 160 F.R.D. 452, 455-56 (S.D.N.Y. March 15, 1995) (Rule 57 of the Federal Rules of Civil Procedure "contemplates that an action for declaratory judgment is a civil action . . ."). In other words, "a party may not make a *motion* for declaratory relief, but rather, a party must bring an *action* for declaratory judgment." International Brotherhood of Teamsters, 160 F.R.D. at 456 (emphasis in original).

Here, the plaintiff initiated this case as a Civil Rights Action and simultaneously filed a *motion* for declaratory relief. Thus, the plaintiff's motion is defective in that it is inconsistent with the Federal Rules of Civil Procedure. *Id.*

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against Adrian Hoke, Marvin C. Plumley, and Jim Rubenstein be **DISMISSED with Prejudice**;

(2) the plaintiff's claims against defendants, David Proctor, Tristan Tenney, Mark Baker, and Debbie Hissom, proceed and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshall Service; and

(3) the plaintiff's Motion for Injunction/Restraining Order (Doc. 8) and Motion for Declaratory Judgment (Doc. 9) be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 17, 2014.

/s/ James E Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE