**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CORNELL F. DAYE,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 1:13cv227**
**(Judge Keeley)**

**DAVID PROCTOR, Doctor,**
**MARK BAKER, Doctor,**
**TRISTAN TENNEY, Medical Administrator,**
**ADRIAN HOKE, Ex-Warden,**
**MARVIN C. PLUMLEY, Warden,**
**JIM RUBENSTEIN, Commissioner,**
**DEBBIE HISSOM, Medical Director, RN, BSN,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23]**

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") concerning the civil rights action filed by the pro se plaintiff, Cornell F. Daye ("Daye"). (Dkt. No. 23). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety.

## I. PROCEDURAL HISTORY

On October 10, 2013, Daye filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants, alleging violations of his Eighth Amendment rights while incarcerated at the Huttonsville Correctional Center ("HCC"). (Dkt. No. 1). That same day, he also filed a motion for an injunction and a temporary restraining order (dkt. no. 8), and a motion for declaratory judgment (dkt. no. 9). The Court referred the matter to United States Magistrate Judge

James E. Seibert on October 17, 2013, for initial screening and a report and recommendation in accordance with LR PL P 2.

Magistrate Judge Seibert issued an R&R on June 17, 2014, that recommended, first, that Daye's claims against Adrian Hoke ("Hoke"), Ex-Warden at HCC, Marvin C. Plumley ("Plumley"), Warden at HCC, and Jim Rubenstein ("Rubenstein"), Commissioner, be dismissed with prejudice for failure to state a claim upon which relief can be granted. Second, the R&R recommended that Daye's Eighth Amendment claims against David Proctor ("Proctor"), a doctor at HCC, Tristan Tenney ("Tenney"), the Medical Administrator at HCC, Mark Baker ("Baker"), another doctor at HCC, and Debbie Hissom ("Hissom"), the Medical Director at HCC, be allowed to proceed by service of summons. Third, the R&R recommended that Daye's motion for an injunction and a temporary restraining order be denied for failure to establish the elements necessary to obtain injunctive relief. Finally, the R&R recommended that Daye's motion for declaratory judgment be denied as defective. (Dkt. No. 23).

Daye objected to Magistrate Judge Seibert's R&R on July 1, 2014, arguing that it erroneously recommended dismissing Hoke, Plumely, and Rubenstein from this matter and denying his motion for an injunction and a temporary restraining order. (Dkt. No. 25). After conducting a de novo review of the portions of the R&R to

which Daye has objected, the Court concludes that his objections are without merit.[1]

## II. FACTUAL BACKGROUND[2]

Daye suffers from a undiagnosed medical condition that allegedly causes severe pain in his lower left abdominal area. Upon arriving at HCC, Daye reported his condition to members of the medical department, who subsequently performed various examinations in an effort to diagnose his condition.

Daye contends that the HCC medical team has continuously ignored his complaints and failed to properly diagnose his

[1] Pursuant to 28 U.S.C § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made within fourteen days. However, this Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are timely filed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objection, however, the Court will only review the magistrate judge's conclusion's for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

[2]The Court has considered all inferences to be drawn from the facts in the light most favorable to the plaintiff. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 574, 574 (1986).

ailments. As a consequence, Daye alleges the team has inadequately treated his medical condition. He seeks a declaration that the prison's medical policy is unconstitutional, an injunction preventing the prison officials from transferring him to another institution until the parties resolve this matter, as well as compensatory and nominal damages.

## III. STANDARD OF REVIEW

The Court liberally construes pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)). Nevertheless, even under that liberal standard, the Court must dismiss actions that are frivolous, malicious, or fail to state claims upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court may "apply common sense" when making this determination. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); see also Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256–57 (4th Cir. 2004) ("The word 'frivolous' is

inherently elastic and not susceptible to categorical definition. . . . the term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (internal quotation marks and citations omitted)).

Whether a complaint states a claim upon which relief can be granted, on the other hand, is determined by the familiar standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003) (citing DeWalt v. Carter, 224 F.3d 607, 611–12 (7th Cir.2000)). In other words, a complaint — even a pro se complaint — must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir.2008) (pro se pleadings are not exempt from "Twombly's requirement that a pleading contain more than labels and conclusions"); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C.Cir. 2009).

## IV. ANALYSIS

### A. Daye's Claims Against Hoke, Plumley, and Rubenstein

The plaintiff asserts claims against Hoke, Plumley, and Rubenstein in their official capacities. Such official capacity

claims “generally represent only another way of pleading an action against an entity of which an officer is an agent.” Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, suits against state officials in their official capacities must be treated as suits against the state. Id. at 166.

A plaintiff may only pursue a claim against a governmental entity if he is able to establish that his alleged violations “may be fairly said to represent official policy.” Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). Here, Daye has not alleged any facts which would tend to show that the conditions about which he complains represent an official custom or policy. Accordingly, the Court adopts the magistrate judge’s recommendation that Daye’s claims against Hoke, Plumley, and Rubenstein should be dismissed.

**B. Daye’s Motion for an Injunction and a Temporary Restraining Order**

In order to obtain injunctive relief, Daye must establish

> (1) that he is likely to succeed on the merits,(2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Real Truth About Obama, Inc. v. Fed. Election Comm’n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S.Ct. 2371.

Daye bears the burden of satisfying each of the four elements with a "clear showing" that he is entitled to the relief he seeks. Id. at 346. Contrary to Daye's arguments, he has not adequately established the elements necessary to obtain injunctive relief.

Daye has failed to establish that he is likely to succeed on the merits of his claims. First, he has not alleged facts establishing that his medical condition and inadequate treatment at HCC are sufficiently serious to warrant the extraordinary relief he seeks. Rather, as set forth by Daye, the facts show that, despite several x-rays, blood tests, and various other medical examinations, doctors have been unable to corroborate his complaints of a serious medical ailment.

Additionally, Daye is unable to succeed on the merits of his request to enjoin the West Virginia Department of Corrections ("WVDOC") from transferring him to another prison facility. That determination is solely within the WVDOC's discretion. McKune v. Lile, 536 U.S. 24, 40 (2002).

Furthermore, Daye's claim that he will suffer irreparable harm if injunctive relief is not granted is speculative at best. He contends he has suffered from his medical condition for over three years, but has not pled facts establishing that his condition has gotten or will get worse over time. Accordingly, the Court adopts

the magistrate judge's recommendation that Daye's motion for an injunction and a temporary restraining order be denied.

**C. Daye's Motion for Declaratory Judgment and Claims Against Proctor, Tenney, Baker, and Hissom**

The parties do not object to the magistrate judge's recommendations that Daye's motion for declaratory judgment be denied and that Daye's allegations against Proctor, Tenney, Baker, and Hissom constitute colorable Eighth Amendment claims that ought to proceed by service of summons. Consequently, finding no clear error, the Court adopts the magistrate judge's recommendations regarding these matters. See Diamond, 416 F.3d at 315.

**V. CONCLUSION**

For the reasons discussed, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 23);
2. **OVERRULES** Daye's objections to the R&R (dkt. no. 25);
3. **DISMISSES WITH PREJUDICE** Daye's claims against Hoke, Plumley, and Rubenstein;
4. **ORDERS** that defendants Proctor, Tenney, Baker, and Hissom be **SERVED** with a copy of the summons and complaint through the United States Marshals Service;
5. **DENIES** Daye's motion for an injunction and a restraining order (dkt. no. 8); and

6. **DENIES** Daye's motion for declaratory judgment. (Dkt. No. 9).

If Daye should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

The Court directs the Clerk of this Court to transmit copies of this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: July 22, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE