```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CORNELL F. DAYE,**

        **Plaintiff,**

v.                                   **CIVIL ACTION NO. 1:13CV227**
                                          **(Judge Keeley)**

**DAVID PROCTOR, Doctor,**
**MARK BAKER, Doctor,**
**TRISTAN TENNEY, Medical Administrator,**
**DEBBIE HISSOM, Medical Director, RN, BSN,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 42],**
**GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34],**
**AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Robert Trumble concerning the civil rights action filed by the pro se plaintiff, Cornell F. Daye ("Daye") (Dkt. No. 42). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety.

**I. PROCEDURAL HISTORY**

On October 10, 2013, Daye filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated while he was incarcerated at the Huttonsville Correctional Center ("HCC") (Dkt. No. 1). That same day, he also filed a motion for an injunction and a temporary restraining order (Dkt. No. 8), and a motion for declaratory judgment (Dkt. No. 9). The Court referred the matter to United States Magistrate Judge James E.

**DAYE v. PROCTOR, et al**  1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

Seibert on October 17, 2013, for initial screening and a report and recommendation in accordance with LR PL P 2.[1]

Magistrate Judge Seibert issued an R&R on June 17, 2014, that recommended dismissal of Daye's claims against Adrian Hoke ("Hoke"), Ex-Warden at HCC, Marvin C. Plumley ("Plumley"), Warden at HCC, and Jim Rubenstein ("Rubenstein"), Commissioner, for failure to state a claim upon which relief can be granted. The R&R also recommended that Daye's Eighth Amendment claims against David Proctor ("Proctor"), a doctor at HCC, Tristan Tenney ("Tenney"), the Medical Administrator at HCC, Mark Baker ("Baker"), another doctor at HCC, and Debbie Hissom ("Hissom"), the Medical Director at HCC, be allowed to proceed by service of summons. The R&R further recommended that Daye's motion for an injunction and a temporary restraining order be denied for failure to establish the elements necessary to obtain injunctive relief. Finally, the R&R recommended that Daye's motion for declaratory judgment be denied as defective. (Dkt. No. 23).

On July 22, 2014, the Court issued a Memorandum Opinion and Order Adopting Judge Seibert's R&R, and dismissing Daye's claims

---

[1] The case was reassigned to Magistrate Judge Trumble on August 27, 2014 (Dkt. No. 36).

**DAYE v. PROCTOR, et al**  1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

against defendants Hoke, Plumley, and Rubenstein with prejudice (Dkt. No. 26). It also ordered that defendants Proctor, Tenney, Baker, and Hissom be served, and denied Daye's motions for an injunction, a restraining order, and declaratory judgment. Id.

On August 15, 2014, Proctor and Tenney filed a motion to dismiss, arguing that Daye had failed to make out a deliberate indifference or medical malpractice claim against them (Dkt. No. 34). On September 24, 2014, Daye filed a response to the defendants' motion to dismiss, arguing that his allegations were sufficient to show deliberate indifference because the defendants had taken no legitimate steps to treat his pain (Dkt. No. 41). Hissom failed to file a responsive pleading, and Baker was never served.

On February 3, 2015, Magistrate Judge Trumble issued a R&R, in which he recommended that the Court grant Proctor and Tenney's motion to dismiss because Daye's allegations failed to assert a cognizable deliberate indifference claim under the Eighth Amendment (Dkt. No. 42). Additionally, he recommended that the Court dismiss Daye's claims against Hissom, despite her failure to file a responsive pleading, and against Baker, because no constitutional violation had occurred. Id. He also recommended that, insofar as

3

Daye had asserted a medical malpractice claim under West Virginia state law, it be dismissed for failure to comply with the statutory requirements.[2] Id.

Daye objected to Magistrate Judge Trumble's R&R on February 23, 2015, arguing that he had followed the protocol established by the medical unit at HCC, that the R&R disregarded "the allegations in Tyrone Rogers (sic) complaint," that the defendants have a legal obligation to treat his pain, that the defendants' customs and practices are unconstitutional, and that the medical co-pay system at HCC shows the defendants' culpable state of mind (Dkt. No. 47). After conducting a de novo review of the portions of the R&R to which Daye has objected, the Court concludes that his objections are without merit.[3]

---

[2] On the face of his complaint, Daye does not assert a medical malpractice claim (Dkt. No. 1). Additionally, insofar as § 1983 "was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law," the Court will not conduct an analysis based on a hypothetic claim Daye did not raise. See Tucker v. Duncan, 499 F.2d 963, 965 n. 1 (4th Cir. 1974).

[3] Pursuant to 28 U.S.C § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made within fourteen days. However, this Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are timely filed. Thomas v.

**DAYE v. PROCTOR, et al**                                               **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

## II. FACTUAL BACKGROUND

The Court has considered all inferences to be drawn from the facts in the light most favorable to the plaintiff. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 574, 574 (1986). Daye suffers from a undiagnosed medical condition that allegedly causes severe pain and a bulge in his lower left abdominal area.[4] Upon arriving at HCC in September of 2010, Daye reported his condition to members of the medical department, who subsequently performed various examinations in an effort to diagnose his condition.

Despite these efforts, Daye contends that the medical team at HCC has continuously ignored his complaints, failed to properly diagnose his ailments, and treated his medical condition inadequately. He seeks 1) a declaration that the prison's medical

---

Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objection, however, the Court will only review the magistrate judge's conclusion's for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

[4] Daye has suggested that he suffers from a hernia, cancer, or another serious condition (Dkt. No. 47 at 2).

**DAYE v. PROCTOR, et al**                                         **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

policy is unconstitutional, 2) an injunction preventing the prison officials from transferring him to another institution until the parties resolve this matter, and 3) compensatory and nominal damages (Dkt. No. 1 at 9).

### III. STANDARD OF REVIEW

**A.  Motion to Dismiss**

The Court liberally construes pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)).  Nevertheless, even under that liberal standard, the Court must dismiss actions that are frivolous, malicious, or fail to state claims upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  The Court may "apply common sense" when making this determination. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); see also Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to

**DAYE v. PROCTOR, et al**  1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

categorical definition. . . . the term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (internal quotation marks and citations omitted)).

Whether a complaint states a claim upon which relief can be granted, on the other hand, is determined by the familiar standard of review applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (citing DeWalt v. Carter, 224 F.3d 607, 611–12 (7th Cir. 2000)). In other words, a complaint — even a pro se complaint — must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S.Ct. 1955, 1960 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (pro se pleadings are not exempt from "Twombly's requirement that a pleading contain more than labels and conclusions"); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

**DAYE v. PROCTOR, et al**                                      **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

**B.  Eighth Amendment Deliberate Indifference**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including prison officials' "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976).  To succeed on such a claim, a prisoner must prove that (1) the deprivation of a basic human need was sufficiently serious ("the objective component"), and (2) the prison official acted with a sufficiently culpable state of mind ("the subjective component"). Wilson v. Seiter, 501 U.S. 294, 297-300, 111 S.Ct. 2321, 2324-25 (1991).

A medical need is "sufficiently serious" if "'it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention.'" Martin v. Bowman, 48 F.3d 1216 at *3 (4th Cir. 1995) (unpublished).  "[I]nadvertent failure to provide adequate medical care," "carelessness," and "deliberate failure to conform to the standards suggested by experts" does not rise to the level of cruel and unusual punishment.  Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982), *amended in part, vacated in part by* Ruiz v. Estelle, 688 F.2d 266 (5th Cir. 1982) (per curiam).

**DAYE v. PROCTOR, et al**  1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

As to the subjective component, it is clear that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 106, 97 S.Ct. at 291. Rather, a prisoner must allege "acts or omissions sufficiently harmful to evince deliberate indifference to serious medical needs," and mere negligence or medical malpractice will not suffice. Id. at 106, 97 S.Ct. at 292. Deliberate indifference exists where prison officials know that inmates "face a substantial risk of serious harm" and disregard that risk "by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979. Prison officials who "did not know of the underlying facts indicating a sufficiently substantial danger," or knew of a substantial risk but responded reasonably, may not be found liable. Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

To establish an Eighth Amendment violation, a prison official's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to

**DAYE v. PROCTOR, et al**  1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by* Farmer, 511 U.S. at 837, 114 S.Ct. at 1970. An inmate's disagreement with a medical officer's diagnosis or course of treatment will not support a valid Eighth Amendment claim. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

### IV. ANALYSIS

In the memorandum accompanying his complaint, Daye catalogues the dates on which he reported to the medical unit at HCC, and the allegedly unsatisfactory treatment he received on those occasions. He also recites the multiple occasions on which he submitted grievances and other requests to the administrative staff (Dkt. No. 13 at 9-16).

The records reflect that, from Daye's arrival at HCC in September 2010, he has reported to the medical unit countless times and received some form of treatment, including blood tests, x-rays, antibiotics, or laxatives, on many, if not most, of those occasions.[5] Id. Additionally, Daye submitted many requests for medical treatment through improper channels, prompting responses

---

[5] Magistrate Judge Trumble has recounted Daye's trips to the medical unit in his R&R, and the Court incorporates those facts by reference (Dkt. No. 42 at 7-14).

10

**DAYE v. PROCTOR, et al**                                              **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

from defendant Tenney advising Daye to resubmit his requests according to proper procedure.[6] Id.

Daye admits that he submitted grievances and letters, as opposed to reporting to nurse's sick call, in an attempt to evade the $ 3.00 co-pay fee charged for a nurse's sick call visit. He rationalizes his behavior by asserting that HCC abuses the procedure "in an attempt to deter inmates like Daye from urging medical to identify and treat his painful condition." (Dkt. No. 41 at 3).

At bottom, even when the facts in Daye's complaint are taken as true, they establish a pattern of repeated complaints on his part, and also of efforts on the part of the defendants to treat him. His complaint, that the tests being ordered by defendant Proctor were "useless", at a minimum underscore that Proctor conducted tests in an effort to diagnose Daye's ailment. Based on

---

[6] Daye objects to Magistrate Judge Trumble's characterization of his requests, stating that, per prison policy, he was permitted to use inmate medical service requests (Dkt. No. 47 at 2). According to the policy, Daye can either go to nurse's sick call, or schedule an appointment through the medical services requests procedure, thus, it would appear that he followed protocol by doing so. Id. at 4. When medical staff followed up with his requests by telling him to report to nurse's sick call and he failed to show up, however, he failed to follow the medical staff's instructions, leading to the same result.

11

**DAYE v. PROCTOR, et al**                                              **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO.
34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

those test results, Proctor made a medical diagnosis that Daye was not suffering from any dangerous or life-threatening condition (Dkt. No. 13-1 at 10). When, in September 2012, Proctor concluded that Daye was suffering from a skin infection, he prescribed antibiotics. Id. at 14. Daye nevertheless insists that Proctor's actions were insufficient and inappropriate, specifically, that Proctor should have ordered a MRI to identify the source of his abdominal pain, and done a biopsy or culture to determine the source of his rash.

It is well-established that inmates are not entitled to "the kind of medical attention that judges would wish to have for themselves . . . ." Ruiz, 679 F.2d at 1149. The "essential test is one of medical necessity and not one simply of desirability." Woodall v. Foti, 648 F.2d 268, 272 (5th Cir. 1981). Prison officials must provide "reasonable medical care." See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). See also United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987) (Although "it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy." (emphasis in original)). Daye's complaints largely concern his disagreement with the type of

**DAYE v. PROCTOR, et al** 1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

testing and the course of treatment he has received, not the lack of any treatment at all.

In sum, after accepting all of Daye's well-pleaded allegations as true, the Court concludes that he has failed to state a cognizable claim of deliberate indifference entitling him to relief. De'Lonta, 330 F.3d at 633. The defendants' treatment of Daye's condition falls far short of being "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. At bottom, Daye disagrees with the defendants' proposed course of treatment, but such disagreement is not cognizable under the Eighth Amendment. Russell, 528 F.2d at 319. Therefore, the Court **DISMISSES WITH PREJUDICE** Daye's complaint as to Proctor and Tenney.

Daye named Mark Baker as a defendant, but failed to mention him in either the body of his complaint or in his memorandum. Nor has Baker been served, despite the best efforts of the United States Marshals Service (Dkt. No. 42 at 18). Although Judge Trumble's R&R provided Daye with notice that Baker would be dismissed as a defendant if he was not served, Daye has never produced a valid address for Baker.

13

**DAYE v. PROCTOR, et al**                                              **1:13CV227**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

Because Daye has failed to plead a cognizable claim under the Eighth Amendment in this case, which would be the only possible claim he could assert against Baker, the Court **DISMISSES** the claim against Baker **WITH PREJUDICE**.

Despite having been served on July 25, 2014, defendant Debbie Hissom has not filed a responsive pleading (Dkt. No. 30). Daye's complaint alleged that she knowingly enforced a policy allowing multiple constitutional violations to exist, and failed to change the policy once she became aware of those violations (Dkt. No. 1 at 8). However, because Daye has failed to plead a cognizable Eighth Amendment claim, no viable claim exists against Hissom and the Court **DISMISSES** the claims against Hissom **WITH PREJUDICE**.

### V. CONCLUSION

For the reasons discussed, the Court:

1. **ADOPTS** the R&R in its entirety (Dkt. No. 42);

2. **OVERRULES** Daye's objections to the R&R (Dkt. No. 47);

3. **GRANTS** defendants Proctor and Tenney's motion to dismiss (Dkt. No. 34); and,

4. **DISMISSES WITH PREJUDICE** Daye's complaint (Dkt. No. 1).

If Daye should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this

**DAYE v. PROCTOR, et al** 1:13CV227

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 42], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 34], AND DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

The Court directs the Clerk of this Court to transmit copies of this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested, and to enter a separate judgment order.

DATED: March 4, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE